IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONOVAN et al. | ) | |
| | ) | |
| Plaintiffs, | ) | 08 C 3098 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| COUNTY OF LAKE | ) | |
| | ) | |
| Defendant. | ) | |

**LAKE COUNTY'S MOTION TO DISMISS UNDER FRCP 12(b)(1) AND 12(b)(6)**

The County of Lake ("Lake County"), by and through its attorneys, now files this Motion to Dismiss Plaintiffs' Complaint. In support, Lake County states as follows:

**INTRODUCTION**

Plaintiffs, residents of Lake County, are served by a County-owned water system known as the Hawthorne Woods-Glennshire Water System (the "HWG System").

In their Complaint, Plaintiffs assert that they are third-party beneficiaries of a 1975 contract between Lake County and the Village of Hawthorne Woods regarding operation of the HWG System. Plaintiffs seek to enforce their alleged contract-based rights against Lake County. Plaintiffs also allege that Lake County's decision to "surcharge" the users of the HWG System for the expected costs of upgrading the HWG System violate Plaintiffs' rights under the Equal Protection Clause of the United States Constitution.

For a host of reasons, Plaintiffs' Complaint should be dismissed:

First, Lake County has not formally enacted any cost-recovery mechanism and Plaintiffs are not currently obligated to pay for the costs of the prospective upgrades. As such, Plaintiffs

have not yet suffered an actual, concrete and particularized, constitutional injury. They therefore lack standing and this Court lacks subject matter jurisdiction. *See* FRCP 12(b)(1).

Second, even if Plaintiffs had suffered an injury, the Court would lack subject matter jurisdiction to entertain a contract-based challenge to a "surcharge." And even if Plaintiffs could state a constitutionally-based claim, the Tax Injunction Act, 28 U.S.C. § 1341, and/or the Johnson Act, 28 U.S.C. § 1342, deprives this Court of jurisdiction. *See* FRCP 12(b)(1).

Third, even if Plaintiffs could clear these jurisdictional hurdles, Plaintiffs' equal protection claim fails to state a claim, as the terms of the Contract provide a clear rational basis for Lake County to treat those served by the HWG System in a distinct manner. *See* FRCP 12(b)(6).

For these reasons, which are further explained in Lake County's accompanying Memorandum in Support, Plaintiffs' Complaint should be dismissed.

Dated: July 21, 2008　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　　　　　　COUNTY OF LAKE, ILLINOIS


　　　　　　　　　　　　　　　　　　　　　　　　　By:___/s/ Adam M. Kingsley
　　　　　　　　　　　　　　　　　　　　　　　　　　　　One of its attorneys


Michael J. Waller,
State's Attorney of Lake County
Daniel L. Jasica
Assistant State's Attorney
18 N. County Street
Waukegan, IL 60085
(847) 377-3101

James C. Bakk　　　　　　　　　　　　　　　　　Adam M. Kingsley
Special Assistant State's Attorney　　　　　　　　Holland & Knight LLP
200 N. M.L. King Ave., Suite 206　　　　　　　　131 S. Dearborn, Suite 3000
Waukegan, IL 60085　　　　　　　　　　　　　　Chicago, IL 60603
(847) 249-9900　　　　　　　　　　　　　　　　(312) 928-6027　　　# 5477446_v1