## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CHRISTOPHER DONOVAN, AMANDA )
DONOVAN, ROBERT COOPER, AND )
MARY COOPER, Individually and on )
Behalf of All Persons Similarly Situated, )
                            )
        Plaintiffs, )    Case No.
                            )
    v.                      )
                            )
COUNTY OF LAKE, a Body Politic and )
Corporate of the State of Illinois, )
                            )
        Defendant. )

FILED: MAY 29, 2008
08CV3098     TC
JUDGE LEFKOW
MAGISTRATE JUDGE VALDEZ

## COMPLAINT

NOW COME Plaintiffs, CHRISTOPHER DONOVAN, AMANDA DONOVAN, ROBERT COOPER, AND MARY COOPER, Individually and on Behalf of All Persons Similarly Situated, by and through their attorneys Shawn M. Collins, Aaron W. Rapier, and Julie B. Anderson, and The Collins Law Firm, P.C., and for their Complaint against Defendant, County of Lake, a Body Politic and Corporate of the State of Illinois, state as follows:

### NATURE OF THE CASE

This lawsuit is about the impacts on Plaintiffs and their approximately 670 neighbors who are consumers of the Lake County water system in Hawthorn Woods, Illinois. Lake County's operation and maintenance of this water system was so grossly inadequate that in 2006 the State of Illinois sued the County and demanded that Lake County make improvements to the water system required by the Illinois Environmental Protection Agency as necessary to prevent the exposure of Plaintiffs and their neighbors to potentially dangerous levels of bacteria. Such improvements include construction of a replacement water system for Plaintiffs and the proposed

Ex. A

class. Lake County has already declared and resolved that the required replacement of the water system will be paid for by the residents, and not with monies from its Public Works fund.

This lawsuit seeks, *inter alia*, to enjoin Lake County from discriminately charging Plaintiffs and the proposed class for the cost of constructing the replacement water system, and thereby violating their rights to the equal protection of the laws. The improvements required by IEPA in this instance should be paid with monies from the Lake County Public Works fund, as this fund has been used by the County to pay for other capital improvements under comparable circumstances. There is no legitimate reason for the County's arbitrary refusal to use Public Works funds for the capital improvements required of this system.

## PARTIES

1.      Plaintiffs, Amanda and Christopher Donovan, are and, at all times material hereto, were Illinois citizens, residing at 9 Croydon Road, Hawthorn Woods, Illinois.

2.      Plaintiffs, Mary and Robert Cooper, are and, at all times material hereto, were Illinois citizens, residing at 101 Old McHenry Road, Hawthorn Woods, Illinois.

3.      Defendant, County of Lake, is a body politic and corporate duly organized and existing under the laws of the State of Illinois.

4.      Since 1975 Lake County, operating through the Lake County Department of Public Works, has been – and is – the owner and operator of the County water system in the Village of Hawthorn Woods, Lake County, Illinois.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendant, as Defendant is a citizen of the State of Illinois.

6.     This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this case arises under the laws of the United States of America; specifically Count I is predicated upon violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, brought pursuant to 42 U.S.C. § 1983.

7.     This Court has supplemental jurisdiction over the Illinois state law claims set forth in Count II, pursuant to 28 U.S.C. § 1367, as all claims involve substantially overlapping evidence and witnesses, involve the same events or connected series of events, and are otherwise so related to the Plaintiffs' federal question claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court because this case arises out of actions occurring at, and pertaining to property located in, Lake County, Illinois, within this judicial district.

### FACTUAL ALLEGATIONS

9.     Plaintiffs and other individuals in the proposed class reside in the Village of Hawthorn Woods, Lake County, Illinois.

10.     Plaintiffs and the proposed class receive their residential water from a distribution system owned and operated by Lake County ("the Water System").

11.     The Water System has 224 direct service connections and serves approximately 672 residents.  The Water System consists of 20 shallow wells.  The water is stored in underground hydropneumatic tanks.

12.     The Water System includes pipes, storage tanks, and pumps that are used to distribute water to Plaintiffs and the proposed class.

13.    Lake County whose Water System serves a population of approximately 672 must take at least one total coliform sample per month from the Water System.

14.    Total coliform is a group of closely related bacteria that is an indicator of other, potentially harmful pathogens that can be present in water.

15.    Total coliform bacteria serve as an indicator of the efficiency of water treatment as well as the integrity of the pipes in the distribution system, and as a screen for the presence of fecal coliform.

16.    Analytical testing performed by Lake County revealed that total coliform was present in the Water System.

17.    Chlorine is a disinfectant chemical that can destroy bacteria including coliform in water.

18.    Testing performed by IEPA demonstrated there was no chlorine present in the Water System on the date of the inspection.

19.    Lake County was responsible for operating and maintaining the Water System. This responsibility included maintenance of the Water System in such a way that total coliform would not be present, and that chlorine would be present above the residual value of .2 mg/l.

20.    The Attorney General of the State of Illinois brought a lawsuit against Lake County for violations of the Illinois Administrative Code.

21.    The Attorney General's lawsuit involved the presence of total coliform and the absence of chlorine in the Water System.

22.    Pursuant to a written agreement with the Village of Hawthorn Woods, Lake County is obligated to make improvements to the Water System required by IEPA.

23.    IEPA has required Lake County to replace the Water System.

24.   The Attorney General's lawsuit against the County does not involve who must pay for the construction of the replacement water system.

25.   The Attorney General's lawsuit also does not address the issue of whether Plaintiffs and the proposed class should pay a surcharge to cover the cost of constructing the replacement water system, or whether Lake County must pay for the construction with monies from its Public Works fund.

26.   Lake County refuses to use Public Works funds to pay for the cost of constructing the replacement water system.

27.   Lake County insists that Plaintiffs and the proposed class pay a surcharge for the cost of constructing the replacement water system.

28.   Lake County has used Public Works funds to pay for capital improvements made to the County water system(s) which serve(s) residents similarly situated to Plaintiffs and the proposed class.   The County has used monies from the Public Works fund to make capital improvements in/on: Wildwood, Pekara, Vernon Hills, Countryside Lake, South Bradley Road, Grandwood Park, and Oak Terrace.

29.   Lake County has used millions of dollars from its Public Works fund for capital improvements made to the County water system(s) which serve(s) residents in/on: Wildwood, Pekara, Vernon Hills, Countryside Lake, South Bradley Road, Grandwood Park, and Oak Terrace.

30.   Lake County's resolution and refusal to use Public Works funds to pay for the cost of constructing the replacement water system for Plaintiffs and the proposed class is arbitrary and irrational.

31.    Lake County's treatment of Plaintiffs and the proposed class is not rationally related to a legitimate governmental interest.

32.    Plaintiffs and the proposed class have been damaged by Lake County's refusal to use monies from the Public Works fund to pay for the cost of constructing the replacement water system.  Lake County's resolution that Plaintiffs and the proposed class must pay for the required improvements has caused delay in the completion of the replacement water system; and Plaintiffs and the proposed class have suffered property damages as a result of Lake County's refusal to make the improvements to the water system required by IEPA.

<u>**CLASS ALLEGATIONS**</u>

33.    Plaintiffs bring each of the claims in this action in their own names and on behalf of a class of all persons similarly situated, pursuant to Rule 23, of the Federal Rules of Civil Procedure.

34.    The proposed class consists of all persons and non-governmental entities that own or reside at property in the Village of Hawthorn Woods whose water service is provided by Lake County ("the Class").

35.    The Class consists of individuals owning and/or residing at 224 homes, is comprised of approximately 672 residents, and is accordingly so numerous that joinder of all members is impractical.

36.    There are core questions of law and fact that are common to each member of the Class, such as:  whether Lake County has unlawfully discriminated against Plaintiffs and the Class, in violation of their constitutional rights, when it refused to use Public Works funds to pay for the cost of constructing the replacement water system; and whether Lake County breached its

contract with the Village of Hawthorn Woods when it failed to properly operate and maintain the Water System, and when it refused to pay for improvements required by IEPA.

37.     Plaintiffs' claims are typical of the claims of the Class.  All claims are based upon Defendant's common course of conduct.

38.     Plaintiffs will fairly and adequately represent and protect the interests of the Class.

39.     Plaintiffs have retained counsel who are competent and experienced in class action litigation, including class action experience in both federal and state court cases.

**COUNT I**
**42 U.S.C. § 1983**
**Violation of the Equal Protection Clause of the Fourteenth Amendment**
**to the United States Constitution**

40.     Plaintiffs, individually and on behalf of the Class defined herein, repeat, reallege and incorporate by reference Paragraphs 1 through 39 of the Complaint, as if fully set forth herein.

41.     Lake County provides water service to various residents within the County.

42.     Lake County, in undertaking a duty to supply water to residents in the County, has a duty to supply water on a non-discriminatory basis.

43.     Lake County has a policy or custom of using Public Works funds to pay for capital improvements for other consumers, which are similar in all material respects to the Plaintiffs and the Class.

44.     Lake County intentionally treated Plaintiffs and the Class differently from other consumers by refusing to use Public Works funds for the capital improvements to the Water System required by IEPA.

45.     Lake County's refusal to use Public Works funds for the construction of a replacement water system is contrary to the policy or custom of Lake County to use Public Works funds to pay for capital improvements for other County residents; is further arbitrary, irrational, unreasonable, and unrelated to any legitimate government interest; and was made by the policy-making official(s) and/or employee(s) of the Defendant, Lake County.

46.     Lake County's unlawful actions have proximately caused damage to Plaintiffs and the Class.

47.     Lake County's actions have deprived Plaintiffs and the Class of their rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and the actions or inactions of Lake County were undertaken either with the intent to deprive Plaintiffs and the Class of their rights, or with reckless disregard of said rights.

48.     The actions or inactions of Lake County set forth above were carried out under color of state law.

49.     There is no adequate remedy at law for Lake County's violations of Plaintiffs' and the Class' constitutional rights, and a balancing of the equities and hardships of the parties strongly favors entering injunctive relief for Plaintiffs and the Class, and against Lake County.

**COUNT II**
**Breach of Contract/Third Party Beneficiaries**

50.     Plaintiffs individually and on behalf of the Class defined herein, repeat, reallege and incorporate by reference Paragraphs 1 through 39 of the Complaint, as if fully set forth herein.

51.     Lake County entered into a contract with the Village of Hawthorn Woods on October 21, 1975. A copy of the Contract is attached as Exhibit A.

52.   The Contract obligated Lake County, *inter alia*: to:

    (a)    operate and maintain the Water System; and

    (b)    make improvements to the Water System required by IEPA.

53.   IEPA has required Lake County to make improvements to the Water System.

54.   IEPA has not required expansion of the Lake County Water System within the Village of Hawthorn Woods.

55.   The Attorney General's lawsuit involves replacement of the Water System.

56.   The Attorney General's lawsuit does not involve expansion of the Lake County System within the Village of Hawthorn Woods.

57.   Plaintiffs and the Class are intended third-party beneficiaries of the Contract.

58.   Plaintiffs and the Class are entitled to assert certain rights set forth in the Contract.  Among them are the rights to:

    (a)    a properly operated and maintained Water System; and

    (b)    a Water System with improvements required by IEPA.

59.   Lake County breached the contract when it:

    (a)    failed to properly maintain and operate the system; and

    (b)    failed to make improvements required by IEPA.

60.   Plaintiffs and the Class have been damaged by Lake County's breach(es) of the Contract.

WHEREFORE, Plaintiffs, individually and on behalf of all persons similarly situated, respectfully request that this Court:

    (a)    Certify this case as a class action and appoint the undersigned counsel as attorneys for the Class, and the named Plaintiffs as representatives of the Class;

(b)    Enter an Order forbidding Lake County from further unlawfully discriminating against the Class;

(c)    Award Plaintiffs and the Class damages in an amount to be determined by the trier of fact;

(d)    Award Plaintiffs and the Class their reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, and any other applicable law, as warranted;

(e)    Order that Lake County specifically perform its obligations as set forth in the Contract; and

(f)    Grant Plaintiffs and the Class such other and further relief as the Court deems equitable and just.

Dated:  May 29, 2008                Respectfully submitted,
                                    **CHRISTOPHER DONOVAN, AMANDA
                                    DONOVAN, ROBERT COOPER, AND MARY
                                    COOPER,** Individually and on Behalf of All
                                    Persons Similarly Situated,


                                    By:  /s/ Aaron W. Rapier
                                         One of Plaintiffs' Attorneys

Shawn M. Collins
Aaron W. Rapier
Julie B. Anderson
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street
Suite 200
Naperville, Illinois 60563
(630) 527-1595

Auditor
Public Works
Genl Acctg.

STATE OF ILLINOIS )
                  ) SS
COUNTY OF LAKE )

COUNTY BOARD, LAKE COUNTY, ILLINOIS

ADJOURNED ANNUAL SEPTEMBER, 1975 SESSION

OCTOBER 14, A.D., 1975
21

MR. CHAIRMAN AND MEMBERS OF THE COUNTY BOARD:

Your Public Service Committee presents herewith a Resolution,

providing for the execution of an agreement between the Village of Hawthorn Woods

and Lake County for the acquisition of their water system; and requests its adoption.

Respectfully submitted,

_____
CHAIRMAN

_____
VICE-CHAIRMAN

_____

_____

_____

_____

_____
PUBLIC SERVICE COMMITTEE

Certified to be a true copy of
Records of the Lake County
Board Meeting of

OCT 21 1975    APPROVED

Certifi
of Lak

#2

EXHIBIT A

## RESOLUTION

WHEREAS, the Board of Supervisors of Lake County, Illinois, had established the Lake County Public Works Department to facilitate and coordinate the overall growth and development of Lake County; particularly with pollution control, abatement and supply of water; and

WHEREAS, the County of Lake is authorized under the provisions of the Public Works Act as adopted July 22, 1959, and as amended, to construct, maintain and operate pollution control devices as well as water supply facilities; and

WHEREAS, the public health, welfare and safety of the residents of Lake County requires the development of a regional water supply system; and

WHEREAS, the Public Works Department has the ability and personnel to maintain and operate the Hawthorn Woods water system for the Village of Hawthorn Woods; and

WHEREAS, the Village of Hawthorn Woods has expressed a desire for the Lake County Public Works Department to take over the operation of the system; and

WHEREAS, the Village of Hawthorn Woods is willing to upgrade the system to meet the Lake County Public Works Department's standards; and

WHEREAS, the Village of Hawthorn Woods has passed a resolution and signed an agreement to this effect; and

WHEREAS, the Public Service Committee has reviewed this agreement, copy attached hereto and made a part hereof, and recommends that the County of Lake enter into an agreement with the Village of Hawthorn Woods to acquire the Hawthorn Woods water system.

NOW, THEREFORE, BE IT RESOLVED, by this County Board of Lake County, Illinois, that the Chairman of the Board and the Clerk of said County, be and they are hereby authorized and directed to execute the attached agreement between the Village of Hawthorn Woods and the County of Lake for the acquisition of the Hawthorn Woods water system.

DATED, at WAUKEGAN, LAKE COUNTY, ILLINOIS, on this 14th day of October, A.D., 1975.

#2

## AGREEMENT FOR WATER SUPPLY AND OPERATION

THIS AGREEMENT, made and executed this _21st_ day of
_October_____, 19_75_, between VILLAGE OF HAWTHORN
WOODS, ILLINOIS, a municipal corporation of the State of Illinois,
hereinafter referred to as the "Village", and the COUNTY OF LAKE,
ILLINOIS, hereinafter referred to as "County".

WITNESSETH:

WHEREAS, the public health, welfare and safety of the residents
of the Village and the residents of the County require the develop-
ment of coordinated and adequate systems of water supply and opera-
tion; and

WHEREAS, County has established a Department of Public Works
pursuant to an Act of the General Assembly of the State of Illinois
entitled, "An Act in Relation to Water Supply, Drainage, Sewage,
Pollution and Flood Control in Certain Counties", approved July
22, 1959, and as amended August 1, 1961, for the purpose of per-
forming public works functions of water supply and operation; and

WHEREAS, the Village owns and operates a water system within
its Village limits; and

WHEREAS, the Village has an outstanding mortgage of $15,549.36
on the water system; and

WHEREAS, the County has the ability to operate and maintain
a water and sewer system; and

WHEREAS, the County owns and operates an existing water system
with the Village of Hawthorn Woods; and

WHEREAS, the County has a plan to integrate the Village's
water system into the County's water system; and

WHEREAS, to carry out the proposed plan of the County and
perform its authorized function and to provide for the water supply
from the Customers into the County System, it is necessary that an

-1-

Agreement be now entered into establishing certain rights and duties of the parties incident thereto.

NOW, THEREFORE, in consideration of the mutual covenants contained herein it is hereby agreed as follows:

SECTION 1. <u>Delivery and Acceptance of System</u>. From and after April 1, 1975, the Village agrees to transfer ownership of the existing water system as shown in Exhibit "A" to the County. The Village, also agrees to pass an ordinance requiring all persons, firms, and corporations to connect to the system in the future if the water system is within two hundred (200) feet of their building, excepting existing private wells and other water systems.

The Village herein also agrees that all future water customers within its boundaries shall be serviced in like manner and bound by the County rules and regulations, except as to present water systems not purchased by the County of Lake.

The Village further agrees that it will refrain from operating or installing any water system in competition with County local facilities within the Village.

The County shall supply free water service to the Village Hall for use as a governmental body. This is not intended to be free water service to apartments adjoining the Village Hall. The County of Lake shall also furnish free water should any fire hydrants be installed on the system owned by the County.

The Village agrees to give the County the right to use the streets or other public easements for the installation and maintenance of said water system and the County shall restore said street in a manner as outlined hereinafter.

SECTION 2. <u>Obligations of the County</u>. The County agrees to take over operation and maintenance of the existing water system and make the necessary improvements to the water system as may be required by the Illinois E.P.A.

-2-

The County agrees to take the necessary steps to integrate the two existing systems of Hawthorn Woods and Glenshire into one water utility system.

The County further agrees to pay the Village the necessary funds to retire the remaining outstanding debt in accordance with Exhibit "B".

SECTION 3. Charges and Billing. For the cost of operating, maintaining, payment to the Village for retirement of debt and improvements, the County shall bill the individual customers on a quarterly basis as per Exhibit "C". These rates and charges are subject to changes as may be necessary or feasible by rising or lowered cost of operation and construction.

If any charge or partial thereof due to the County by any customer, whether residential, commercial, industrial or institutional, shall remain unpaid for fifteen (15) days following its quarterly due date, said customer shall be charged with, and pay to the County, a penalty charge of 10% of said unpaid quarterly balance, and the County may upon failure by said customer to pay such amount enforce payment by any remedy available at law or equity, including the termination of service, but in all instances the responsibility of the bill is with the property owner.

SECTION 4. Connection Charges to the Water System. Shall be as follows:

| | |
|---|---|
| 3/4" Service Line | $200 + cost 5/8" meter |
| 1" Service Line | $225 + cost 3/4" meter |
| 1-1/4" Service Line | $235 + cost 1" meter |
| 1-1/2" Service Line | $250 + cost 1-1/2" meter |
| 2" Service Line | $300 + cost 2" compound meter |
| 4" Service Line | $400 + cost 4" compound meter |
| 6" Service Line or larger | $500 + meter |

-3-

These connection charges are over and above the cost or charges for the installation of water mains and shall be paid to the county before any connection can be made to the system. Any customers that are presently connected to the system are not required to pay said connection charges.

SECTION 5. Records. Permanent books and records shall be kept by the County of rates established, accounts receivable and the volumes of water supplied by the County system, in addition to complete books of accounts showing all costs incurred in connection with the County system. Such records shall be maintained beginning with the commencement of operation of any part of the County system.

SECTION 6. Expansion and Improvement of the County Water System. The County shall expand and improve these facilities when the need arises for expansion of the Lake County Water System within the Village of Hawthorn Woods. The County will from time to time issue revenue bonds to expand and improve the water supply facilities. Said revenue bonds shall be retired by funds derived from the System.

SECTION 7. Regulatory Bodies. This Agreement shall be subject to all valid rules, regulations, and laws applicable hereto. passed or promulgated by the United States of America, the State of Illinois, or any governmental body or agency having lawful jurisdiction or any authorized representative or agency of any of them.

SECTION 8. Contracts with Others. The County reserves the right to contract persons, natural or corporate, private or public, to perform services similar to those to be performed under this Agreement or other services; provided, however, that the County will do nothing under any such contract which will impair the rights or infringe on the County's ability to serve the Village.

-7-

SECTION 9. Assignment. Neither of the parties hereto shall have the right to terminate its obligations hereunder by dissolution or otherwise without first securing the written consent of the other party and this Agreement shall be binding upon and inure to the benefit of the respective successors and assigns of the parties hereto.

SECTION 10. Effective Date and Term of Contract. This Agreement shall be in full force and effect and binding upon the parties hereto upon the execution of the Agreement.

SECTION 11. Notice. Whenever in this Agreement notice is required to be given, the same shall be given by Certified Mail addressed to the respective parties at the following address:

Village of Hawthorn Woods             County of Lake
Village Hall                          Department of Public Works
RR. #1, Box 372                       County Building
Lake Zurich, Illinois 60047           Waukegan, Illinois 60085
Attn: Village Clerk

unless a different address shall be hereafter designated in writing by either of the parties.

The date of giving such notice shall be deemed to be the date of mailing thereof. Billings for and payments of water service and operation may be made by regular mail.

SECTION 12. Execution of Documents. This Agreement shall be executed in ten counterparts, any of which shall be regarded for all purposes as one original. Each party agrees that it will execute any and all deeds, instruments, documents and resolutions or ordinances necessary to give effect to the terms of this Agreement.

SECTION 13. Waiver. No waiver by either party or any term or condition of this Agreement shall be deemed or construed as a waiver of any other term or condition, nor shall a waiver of any breach be deemed to constitute a waiver of any subsequent breach whether of the same or a different provision of the Agreement.

-5-

SECTION 14.  Remedies.  In addition to the remedies provided by law, this Agreement shall be specifically enforceable by either party.

SECTION 15.  Entirety.  This Agreement merges and supersedes all prior negotiations, representations and agreements between the parties hereto relating to the subject matter hereof and constitutes the entire contract between the parties concerning the disposal of water by the Village and acceptance of such water service by the County.

IN WITNESS WHEREOF,  The parties have executed this Agreement as of this day and year first above written.

VILLAGE OF HAWTHORN WOODS                    COUNTY OF LAKE, ILLINOIS

BY                                           BY
      President                                   Chairman, Lake County Board
ATTEST:                                      ATTEST:

      Clerk                                       County Clerk

—6—

EXHIBIT "A"

LIST OF FACILITIES:

1. Well #1 - 240' deep and 6" dia. (Drilled March 1954)

2. 1 1/2 H.P. submersible Red Jacket pump  (Installed March 1954)

3. 2 each - 500 gal. storage tank

4. Well #2 - 230' deep and 6" dia.  (Drilled Nov. 1955)

5. 1 1/2 H.P. submersible Jacuzzi pump, 306 GPM  (Installed Nov. 1972)

6. Well #3 - 203' deep and 5" dia.  (Drilled Dec. 1956)

7. 1 1/2 H.P. submersible Red Jacket pump, 20 GPM (Installed Sept. 1966)

8. 120 gal. storage tank

9. Well #4 - 245' deep and 6" dia.  (Drilled Sept. 1957)

10. 1 1/2 H.P. submersible Red Jacket pump, 20 GPM (Exchanged for rebuilt unit Sept. 1965)

11. 3 each - 560 gal. storage tank

12. Well #5 - 280' deep and 6" dia.  (Drilled June 1957)

13. 1 1/2 H.P. submersible Red Jacket pump, 13 GPM.  Pitless Adapter. (Installed Sept. 1974)

14. Well #6 - 285' deep and 6" dia.  (Drilled May 1958)

15. 1 1/2 H.P. submersible Red Jacket pump, 15 GPM  (Installed July 1974)

16. Well #7 - 240' deep and 6" dia.  (Drilled Nov. 1958)

17. 1 H.P. submersible Red Jacket pump  (Installed Oct. 1964)

18. 2 each - 1000 gal. storage tank

19. Well #8 - Drilled 15 years ago.

20. 1 - 1 1/2 Clayton Mark submersible pump  (Installed 15 years ago)

21. 500 gal. storage tank

22. Well # 9 - 272' deep and 6" dia.  (Drilled March 1960)

23. 1 1/2 H.P. Red Jacket submersible pump, 25 GPM

24. Well #10 - 230' deep and 6" dia.  (Drilled Oct. 1960)

25. Well #11 - 227 ft. deep and 5" dia. (Drilled May 1961)

26. 1 - 1 HP Red Jacket Pump

27. Well #12 - 238 ft. deep and 5" dia. (Drilled July 1962)

28. 1 - 1½ HP Red Jacket Pump

EXHIBIT " B "

DEBT RETIREMENT PLAN

VILLAGE OF HAWTHORN WOODS

WATER SYSTEM

November 1, 1975

Balance
$14,233.67

Interest 5 3/4 %

Yearly Payment $3,466.68

| Payment Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|
| 1976 | | | | |
| Feb 1 | 866.67 | 204.61 | 662.06 | 14,233.67 |
| May 1 | 866.67 | 195.09 | 671.58 | 13,571.61 |
| Aug 1 | 866.67 | 185.43 | 681.24 | 12,900.03 |
| Nov 1 | 866.67 | 175.64 | 691.03 | 12,218.79 |
| | | | | 11,527.76 |
| 1977 | | | | |
| Feb 1 | 866.67 | 165.71 | 700.96 | 10,826.08 |
| May 1 | 866.67 | 155.63 | 711.04 | 10,115.76 |
| Aug 1 | 866.67 | 145.41 | 721.26 | 9,394.05 |
| Nov 1 | 866.67 | 135.04 | 731.63 | 8,662.87 |
| 1978 | | | | |
| Feb 1 | 866.67 | 124.52 | 742.15 | 7,920.72 |
| May 1 | 866.67 | 113.86 | 752.81 | 7,167.91 |
| Aug 1 | 866.67 | 103.03 | 763.64 | 6,404.27 |
| Nov 1 | 866.67 | 92.06 | 774.61 | 5,629.66 |
| 1979 | | | | |
| Feb 1 | 866.67 | 80.92 | 785.75 | 4,843.91 |
| May 1 | 866.67 | 69.63 | 797.04 | 4,046.87 |
| Aug 1 | 866.67 | 58.17 | 808.05 | 3,238.37 |
| Nov 1 | 866.67 | 46.55 | 820.12 | 2,418.25 |
| 1980 | | | | |
| Feb 1 | 866.67 | 34.76 | 831.91 | 1,586.34 |
| May 1 | 866.67 | 22.80 | 843.87 | 742.47 |
| Aug 1 | 753.14 | 10.67 | 742.47 | 0 |

EXHIBIT "C"

VILLAGE OF HAWTHORN WOODS

WATER SYSTEM

Water Rates

WATER SERVICE CHARGES:

A.  RESIDENTIAL

    Minimum quarterly bill - $15.75 to include 9,000 gallons of water

    Next 7,000 gallons/per quarter        $1.10 per 1,000 gallons

    Over 16,000 gallons/per quarter       $1.00 per 1,000 gallons

NOTE:    A 10% service charge will be added to any bills more than 15 days
        in arrears.

CUSTOMER DEPOSIT:

    A cash deposit in the amount of Twenty-Five ($25.00) dollars will

be required of any residential applicant for water service to secure

the performance by the applicant of the terms and conditions of the

Department under which water service is supplied.

EFFECTIVE DATE:

    These rates will be effective April 1, 1975.

**Lake** County
Department of Public Works

January 30, 2008

## HAWTHORN WOODS - GLENNSHIRE WATER SYSTEM

Dear Resident:

As you may already know, the Resident Preference Survey #3 resulted in the selection of the Lake County Hybrid Option. The final results of the survey tallied County Hybrid Option: 128 votes, Village Option: 18 votes, County Well Option: 4 votes. The Lake County Public Works & Transportation Committee has reviewed these results and has given direction to proceed with the final design of the County Hybrid Option for replacement of the Hawthorn Woods – Glennshire Water System.

The estimated cost of the County Hybrid option is $4,201,416, or $18,756 per customer. There will be two options available for individual property owners to pay these costs. One would be to make a one time lump sum payment. The second payment option is to make a surcharge payment that will be included as part of your quarterly water bill to be paid over a thirty-year period. All property owners that do not choose the one-time lump sum payment will be placed on the surcharge payment plan. Each property owner will be requested to select a payment option in a future mailing when final project costs are established.

We are aware that these costs could be considered burdensome, especially to those households with limited incomes. In an effort to "ease the burden" for lower income residents, Lake County has obtained a limited amount of Community Development Block Grant (CDBG) funding ($150,000) to help offset some of the costs associated with this transition to a consistently reliable source of potable water. Your family may qualify for assistance with these payments if your total household income, specifically "Adjusted Gross Income" from line 37 of your US/IRS Form 1040, is at or below these levels:

- *A single person household may qualify for CDBG assistance if the total household annual income is no more than $40,250;*
- *A two person household may qualify for CDBG assistance if the total household annual income is no more than $46,000;*
- *A three person household may qualify for CDBG assistance if the total household annual income is no more than $51,750;*
- *A four person household may qualify for CDBG assistance if the total household annual income is no more than $57,500;*
- *A five person household may qualify for CDBG assistance if the total household annual income is no more than $62,100.*
- *A six person household may qualify for CDBG assistance if the total household annual income is no more than $66,700.*

(OVER)

Ex. B

Note that these income level thresholds will increase slightly in April 2008. We will send another mailing at that time to update the household income level thresholds and to request documentation from those households that are eligible for these funds. To qualify for these funds, you will be required to provide a copy of your most recently filed US/IRS1040 income tax form as documentation of your household income.  Please contact Karl Molek of our Community Development Division at 847-377-2134 with any questions concerning qualification for available financial assistance.

The County is well underway with design of the new water main system necessary to provide potable water to the Hawthorn Woods - Glennshire service area. Design work is scheduled to be completed in May 2008, with construction to start in Summer 2008 and projected completion in Fall 2009.

If you have any questions or concerns, please contact Lake County Public Works at 847.377.7500.