IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER DONOVAN, AMANDA DONOVAN, ROBERT COOPER, AND MARY COOPER, Individually and on Behalf of All Persons Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF LAKE, a Body Politic and Corporate of the State of Illinois, <br><br> Defendant. | Case No. 08 C 3098 <br><br> Judge Joan Humphrey Lefkow |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION FOR PARTIAL SUMMARY JUDGMENT**

I.
INTRODUCTION

This motion seeks a finding that Section 6 of the Contract does not authorize the County to charge Plaintiffs for the cost of replacing the Glennshire Water System. On this narrow issue, there are no genuine issues of material fact. Based on the clear and unambiguous language of the Contract, which governs the outcome of this motion, Plaintiffs are entitled to partial summary judgment as a matter of law.

II.
STATEMENT OF FACTS

The County owns and operates the public water system where Plaintiffs reside. (Plaintiffs' Local Rule 56.1 Statement of Facts in Support of the Motion for Partial Summary Judgment, hereafter "Plaintiff's S.O.F.", ¶¶ 8-9, 11 & 13). IEPA requires the replacement of the water system. (Plaintiffs' S.O.F., ¶17). The County interprets the Contract to say that it may charge Plaintiffs for the cost of replacing the water system. (Plaintiffs' S.O.F., ¶¶ 18 & 19).

However, the Section of the Contract upon which the County relies (i.e. Section 6) is limited to funding for expanding and improving the County's water system within the Village of Hawthorne Woods. (*Id.*, ¶¶ 20 & 21). Section 6 of the Contract does not apply to replacement of the Glennshire Water System. (*Id.*).

III.
ARGUMENT

**1.   Plaintiffs are third-party beneficiaries of the Contract**

The terms of the Contract demonstrate that Plaintiffs are intended third-party beneficiaries. A plaintiff is a third party beneficiary to a contract when the "contracting parties intended for the beneficiary to receive the benefits of the contract." *American United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 930 (7th Cir. 2003). A court determines this "intent of the parties based on the contract as a whole as well as the understandings between the parties at the time of the contract's execution." *Id*; *see also Dunlap v. First Nat'l Bank of Danville*, 76 F. Supp. 2d 948, 960 (C.D. Ill. 1999) ("[T]hird-party beneficiary status is a matter of divining whether contracting parties intended to confer a benefit upon a nonparty to their agreement.").

Whether a plaintiff is a third-party beneficiary can be decided as a matter of law. *See Hunter v. Old Ben Coal Co.*, 844 F.2d 428, 433 (7th Cir. 1988) (finding, as a matter of law, that plaintiff was a third party beneficiary to contract as a matter of law); *Holbrook v. Pitt*, 643 F.2d 1261, 1272-73 (7th Cir. 1981) (finding, as a matter of law, that plaintiff was a third party beneficiary to contract). In this case, the Contract conferred the benefit of a public water supply on Plaintiffs. The Contract explicitly acknowledges this benefit: "the public health, welfare, and safety of the residents of the Village…require the development of coordinated and adequate systems of water supply and operation." (Plaintiffs' S.O.F., ¶24). In exchange for, *inter alia*, the

cost of operating, maintaining, and making improvements to the water system, customers pay the County per Exhibit C to the Contract. (Plaintiffs' S.O.F., ¶14). Because the language of the Contract evidences the parties' intent to confer the benefit of a public water supply on them, Plaintiffs are third-party beneficiaries of the Contract. *Catellus*, 319 F.3d at 930; *Dunlap*, 76 F. Supp.2d at 960.

2. **Section 6 of the Contract does not authorize Defendant to charge Plaintiffs for the cost of replacing the water system**

The Contract obligates the County to make improvements to the water system required by IEPA. (Plaintiffs' S.O.F., ¶16). Replacement of the Glennshire water system is required by IEPA. (Plaintiffs' S.O.F., ¶17).

Section 6 of the Contract states:

> SECTION 6. <u>Expansion and Improvement of the County Water System.</u> The County shall *expand and improve* these facilities *when the need arises for expansion of the Lake County Water System within the Village of Hawthorn Woods*. The County will from time to time issue revenue bonds to *expand and improve* the water supply facilities. Said revenue bonds shall be retired by funds derived from the System.[1]

(Plaintiffs' S.O.F., ¶20) (emphasis added).

Section 6 of the Contract, by its terms, is limited to expansion of the County water system within the Village of Hawthorn Woods. Section 6 of the Contract applies to how expansion of the system will be funded. (Plaintiffs' S.O.F., ¶20). (emphasis added).

In addition to the plain and ordinary meaning of the phrase "expansion and improvement", when read as a whole, the terms of the Contract evidence the intention of the

---

[1] The Contract contains hand-written changes. No matter what those changes say or whether they are even effective, there are no genuine issues of material fact and Plaintiffs are entitled to judgment as a matter of law. This is true even if the Contract is assumed for the sake of argument to say "Said revenue bonds shall be retired by funds derived from the <u>local</u> System."

parties to expand the water system within the Village of Hawthorn Woods over time. For example:

- In the WHEREAS clauses, the Contract states—

    "the County has a plan to integrate the Village's water system into the County's water system; and WHEREAS, to carry out the proposed plan of the County and perform its authorized function and to provide for the water supply from the Customers into the County System, it is necessary that an Agreement be now entered into establishing certain rights and duties of the parties incident thereto."

- Section 1 of the Contract contains the following language—

    "The Village, also agrees to pass an ordinance requiring all persons, firms, and corporations to connect to the system in the future if the water system is within two hundred (200) feet of their building, excepting existing private wells and other water systems."

    "The Village further agrees that it will refrain from operating or installing any water system in competition with County local facilities within the Village."

(Plaintiffs' S.O.F., ¶¶ 22, 23 & 25).

When read as a whole, the language of the Contract manifests the County's intention to *expand* its water facilities within the Village of Hawthorn Woods without competition from the Village.

Replacing the existing Glennshire water system is not expanding the County water system within the Village of Hawthorn Woods. There is, as a result, no right in Section 6 of the Contract to charge Plaintiffs for the cost of replacing the existing water system.

Resolution of this contract dispute can be resolved on a motion for summary judgment. The meaning of the Contract's language can and should be determined as a matter of law. *See Murphy v. Keystone Steel & Wire Co.*, 61 F.3d 560, 564-65 (7th Cir. 1995) ("Summary judgment is particularly appropriate in cases involving the interpretation of contracts. Where the contract is unambiguous, a court must determine the meaning of the contract as a matter of law.").

## IV.

## CONCLUSION

WHEREFORE, Plaintiffs pray for the entry of an Order: (a) granting the Motion for Partial Summary Judgment; (b) finding that Section 6 of the Contact does not authorize Lake County to charge Plaintiffs for the cost of replacing the Glennshire water system; and (c) awarding such other and further relief for Plaintiffs as the Court deems equitable and just.

Dated: August 25, 2008                                    Respectfully submitted,


                                                          By: /s/ Aaron W. Rapier
                                                              One of Plaintiffs' Attorneys

Shawn M. Collins
Aaron W. Rapier
Julie B. Anderson
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street
Suite 200
Naperville, Illinois 60563
(630) 527-1595