IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER DONOVAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 08 C 3098 |
| v. ) | |
| ) | Judge Joan Humphrey Lefkow |
| COUNTY OF LAKE, ) | |
| ) | |
| Defendant. ) | |

**COUNTY OF LAKE'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, STAY PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant County of Lake (the "County") by and through its attorneys, Michael J. Waller, Lake County State's Attorney, and Daniel L. Jasica, Assistant State's Attorneys, James C. Bakk, Special Assistant State's Attorney, and Adam Kingsley, Holland & Knight LLC, moves for this Court to enter an order striking Plaintiffs' premature motion for partial summary judgment or, alternatively, staying the briefing schedule on Plaintiff's motion for partial summary judgment until the Court has ruled upon the County's pending motion to dismiss, and in support thereof would show the Court the following:

1.  Plaintiffs filed a two-count complaint based on their alleged third party beneficiary status under a 1975 contract between the Village of Hawthorne Wood (the " Village") and the County, pursuant to which contract the County took over the Hawthorne Woods-Glennshire Water System from the Village (the "1975 Contract"). Plaintiffs allege in their complaint that the County's contemplated surcharge on local residents' water bills to pay for the cost of a new public water system to serve them violates their rights to Equal Protection. Plaintiffs also assert a supplemental state law breach of contract claim based upon the County's alleged breach of the 1975 Contract by failing to install a new water system to serve the local residents.

2.  On July 21, 2008, the County filed its motion to dismiss both the federal Equal

protection claim and the state law breach of contract claim on a number of separate grounds. The motion to dismiss challenges this Court's jurisdiction and, in the alternative, the merits of Plaintiffs' Equal Protection claim (their only federal claim). Pursuant to this Court's July 31, 2008 Order, the County's motion to dismiss is currently being briefed and will be fully briefed by September 4, 2008.

3.  On August 25, 2008, Plaintiffs filed their motion for partial summary judgment, wherein the Plaintiffs ask the Court to make a finding as to the proper interpretation of *one section* of the 1975 Contract–which section, it is important to note, is not even cited in their complaint.

4.  No answer has yet been filed to the complaint nor has there been any discovery in the case.

5.  Given: a) the early stage of the litigation, and b) the fact that if the County's pending motion to dismiss is granted as to the jurisdictional issues raised, the entire case is disposed of, and  c) if the Equal Protection claim is dismissed on the merits pursuant to the County's motion, the supplemental breach of contract claim should properly be dismissed pursuant to 28 USCA §1367. In any event, a decision on the motion to dismiss should logically precede all other action in this case. Plaintiff's partial motion for summary judgment with respect to the proper interpretation of one section of the 1975 Contract is premature and a waste of the parties' and Court's time and resources at this time.

6.  In fact, the pre-emptive filing of Plaintiffs' motion for partial summary judgment appears to be little more than a ploy to either influence the Court in rendering its ruling on the County's well-founded motion to dismiss or, alternatively, to unnecessarily and unnaturally advance the state law breach of contract claim so as to secure supplemental jurisdiction in the event the only basis for original federal jurisdiction (the Equal Protection claim) is dismissed.

WHEREFORE, Defendant County fo Lake respectfully moves the Court to strike the motion for partial summary judgment as premature or alternatively, stay the motion for partial summary judgment and the entry of a briefing schedule thereon until after resolution of the

County's pending motion to dismiss, or for such other or further relief as to which the County may show itself justly entitled..

                                            Respectfully submitted,

                                            MICHAEL J. WALLER
                                            State's Attorney of Lake County

                           By:    s/Daniel Jasica
                                            Daniel Jasica
                                            Assistant State's Attorney

Daniel L. Jasica (#06237373)
Assistant State's Attorney
18 North County Street, 3rd Floor
Waukegan, IL 60085
(847) 377-3050

Motion to Strike.wpd